IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SOUTHERN CONCRETE PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:12-CV-00257-MOC-DCK |
| v. | ) ) | |
| THE EUCLID CHEMICAL COMPANY, and GIANT CEMENT COMPANY, | ) ) ) ) | **PROTECTIVE ORDER** |
| Defendants. | ) ) | |

This Protective Order ("Order") is presented by Motion to the Court for entry by Defendant, The Euclid Chemical Company, by counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

WHEREAS, during the course of this action, the parties may obtain discovery of documents or information which is, or which one or more of the parties considers to be or contain, confidential or proprietary information or trade secrets, and for good cause shown it is HEREBY ORDERED that:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information, testimony, or other discovery material that contains "Confidential Information," as defined in paragraph 2 below.

2. "Confidential Information" includes trade secrets, proprietary information, or competitively-sensitive information the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would reveal information

which should be maintained as confidential. This includes but is not limited to information relating to confidential and proprietary product formulations or the like which is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The exclusion of any type of information from the preceding sentence in no way implies that such information may not be designated as Confidential Information, so long as the designating party in good faith believes that it is confidential. In designating information as Confidential Information, the designating party will make such a designation only as to that material that it in good faith believes contains confidential information. Confidential Information shall also include information contained within any document, testimony, or other discovery material designated in accordance with this Order as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies thereof.

3. Until and unless the Court rules otherwise, or the producing party agrees to withdraw a designation, material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees. As used in this Order, the term "outside counsel" shall mean attorneys for the respective firms who have appearances entered in the case for their clients, and who have not withdrawn from the case.

(b) Any party to this action, such party's partners, members, officers, directors, in-house counsel for the respective parties (including their clerical, litigation support and paralegal employees), and employees of such party who are assisting its counsel.

(c) Consultants or expert witnesses assisting a party or counsel in connection with this litigation, provided, however, that any such consultant or expert has signed an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record.

(d) The Court and its officers, deposition and trial court reporters, and outside copy services, whose function requires them to have access to material designated as "CONFIDENTIAL" under this Order.

(e) Any author or recipient of the confidential material.

(f) Deponents noticed in this action, to the extent necessary to examine such deponents or to prepare them for their depositions, provided that such deponent must first sign an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record, or, in the event the deponent refuses to sign the Affidavit, with consent of all parties or permission from the Court. Any deponent who is an officer, agent, or employee of a party shall sign the Affidavit upon request by the party taking the deposition.

(g) Witnesses for trial, to the extent necessary for the conduct of this action, provided that such witness must first execute an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record, or, in the event the witness refuses to sign the Affidavit, with consent of all parties or permission from the Court.

4. Until and unless the Court rules otherwise or a party agrees to withdraw its designation, material marked or otherwise designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees.

(b) Consultants or expert witnesses assisting a party or counsel in connection with this litigation, provided, however, that any such consultant or expert has signed an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record.

(c) The Court and its officers, deposition and trial court reporters, and outside copy services, whose function requires them to have access to material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

(d) Any author or recipient of the confidential material.

(e) Southern Concrete employees Rick Odle, Herron Odle, Tuffy Craig, and Ross Armstrong, upon their execution of an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record, may view material and documents designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" by any and all Parties without any approval or permission of any Party required. Other than those listed persons, other employees or officers of the Parties may view material and documents designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" only upon approval of the Party designating material as "CONFIDENTIAL – ATTORNEYS EYES ONLY", which approval will not be unreasonably withheld and a decision to approve shall not be unreasonably delayed; provided, however, that each other employee or officer has signed an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record.

(f) Deponents noticed in this action, to the extent necessary to examine such deponents or to prepare them for their depositions, provided that such deponent must first sign an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record, or, in the event the deponent refuses to sign the Affidavit, with consent of all parties or permission from the Court.

(g) Witnesses for trial, to the extent necessary for the conduct of this action, provided that such witness must first execute an Affidavit in the form of Exhibit A, with a copy of the signed Affidavit provided to all counsel of record, or, in the event the witness refuses to sign the Affidavit, with consent of all parties or permission from the Court.

5. If a party to this agreement wants to use material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any deposition and the deponent is eligible to view the materials under the terms of this Agreement and has not signed an Affidavit in the form of Exhibit A, that party shall first notify, in writing, the party who produced the confidential material(s) of the specific confidential material(s) that it wishes to use at least two (2) business days in advance of the scheduled deposition date. The producing party and opposing party agree to confer in good faith to resolve any disputes and reach agreement on the form (e.g., redacted versions) or manner in which the materials may be used at the deposition. If an agreement cannot be reached, then the producing party must seek a protective order from the Court in order to limit access to the materials during any deposition.

6. Notwithstanding paragraph 5 above, any witness may be shown at a deposition, or examined on, any document containing material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the producing party so agrees.

7. In the event the producing party elects to produce original documents or other material for inspection, no markings need to be made by the producing party in advance of the

inspection. During the inspection, all such documents or other material shall be considered as marked "CONFIDENTIAL – ATTORNEYS EYES' ONLY." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

8. No designation shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" marking. Testimony given at a deposition or hearing and the resulting transcript will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all parties shall maintain the deposition or hearing transcript and information contained therein as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until ten (10) days after receipt of a copy of the transcript. Any party desiring to maintain confidentiality more than ten (10) days after receipt of a copy of the transcript must designate in writing before the ten (10) days expires those portions of the transcript regarded as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If any pages of the deposition are designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the original and each copy of the transcript (including the exhibits) of each such deposition taken in the lawsuit shall be marked:

> THIS DEPOSITION TRANSCRIPT (INCLUDING ANY EXHIBITS) MAY CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO AN AGREED PROTECTIVE ORDER LIMITING THE USE AND DISCLOSURE OF CERTAIN MATERIALS AND INFORMATION. DO NOT USE, COPY, OR DISCLOSE THIS TRANSCRIPT (INCLUDING EXHIBITS) WITHOUT ASCERTAINING WHETHER THE TRANSCRIPT OR EXHIBITS ARE CONFIDENTIAL EXAMINATION DOCUMENTS OR CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO THE PROTECTIVE ORDER.

Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Order.

9. If any party believes that any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another party should not be so designated, the non-designating party shall first request in writing that the designating party withdraw the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. If the designating party fails to withdraw the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation within five (5) business days, then the non-designating party may bring the matter before the Court for determination. The party asserting confidentiality shall bear the burden of establishing entitlement to such protection. Any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the producing party agrees to withdraw such designation or the Court has ruled that the document or information is not entitled to the designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. Confidential Information disclosed to any individual authorized under paragraphs 3 or 4 of this Order shall be held in confidence and shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any other person other than as provided herein.

11. If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or

compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have the right to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall: (a) within ten (10) business days after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the producing party; (b) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (c) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by the court, administrative body, or tribunal of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed or overruled prior to the date set for production or disclosure.

12. No Confidential Information or material shall be filed in the public record of this action by a non-designating party, unless the designating party has agreed to withdraw the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation or the Court has ruled that the information or material is not "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES' ONLY." Otherwise, any document or thing containing or embodying Confidential Information or material that is to be filed in this proceeding shall be filed under seal in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to act in good faith and cooperate with one another to expedite compliance with the Rules for filing Confidential Information.

13. Upon the conclusion of this action, by settlement or adjudication, including any appellate proceedings, "Confidential Information" exchanged between the parties as defined under this Agreement and any work product, abstracts or summaries of "Confidential

Information" prepared by the parties or their counsel shall, upon written request of the disclosing party, be returned to the party or parties who produced the "Confidential Information." Alternatively, the party in possession of the "Confidential Information" may destroy that information in a manner that ensures that the information may not be retrieved. The party in possession of the Confidential Information shall either complete such return or certify that all "Confidential Information" has been destroyed within 20 days after receipt of the request. A party or its counsel may destroy documents (such that they cannot be retrieved) at the conclusion of the action, pursuant to the party's or counsel's document retention and destruction policies. Counsel of record may retain one set of all papers filed with the Court or received in discovery, including any Confidential Information filed under seal.

14. The fact that any document or information is designated as Confidential Information under this Order shall not determine or affect what a trier of fact may find to be confidential or proprietary nor shall it prejudice any party's rights to move for the introduction of or to object to the introduction of such Confidential Information as evidence in the proceeding of this matter.

15. Agreement to this Order is without prejudice to the right of any party to seek an Order from this Court imposing further restrictions on the dissemination of information designated as Confidential Information, or to seek to rescind, modify, alter, or amend this Order with respect to specific information. Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of information designated Confidential Information. Nothing in this Order shall be construed as a waiver of any objections that a party may have with regard to any designation, except as expressly provided herein.

16. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a client in this litigation and, in the course thereof, referring to or relying generally upon examination or knowledge of information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the content or the source of such information contrary to the terms of this Order.

17. The restrictions set forth in any of the preceding paragraphs, including paragraphs 3 and 4, shall not apply to information or material that:

(a) Was, is, or becomes public knowledge in any manner other than by violation of this Order;

(b) Is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c) Was lawfully possessed by the non-designating party prior to the entry of this Order.

18. The parties shall attempt to agree on appropriate procedures to protect Confidential Information at trial. If the parties cannot agree, the parties will seek approval or direction from the Court before attempting to use Confidential Information at trial.

19. Nothing contained herein shall prevent any party from disclosing or using its own Confidential Information in any manner it chooses.

20. This Order shall remain in full force and effect after the termination of this litigation, until canceled or otherwise modified by Order of this Court.

21. This Order shall be without prejudice to the right of any person to apply to the Court for such further Orders as justice may require.

Signed: February 19, 2013

_____
David C. Keesler
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SOUTHERN CONCRETE PRODUCTS, INC., | ) ) ) | CASE NO. 3:12-CV-00257-MOC-DCK |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE EUCLID CHEMICAL COMPANY, and GIANT CEMENT COMPANY, | ) ) ) ) | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| Defendants. | ) ) | |

The undersigned hereby acknowledges that he/she has read the Confidentiality and Protective Order (the "Order") entered in the captioned action (a copy of which is attached hereto) and that he/she:

(a) has read and understands the Order and agrees to be bound by the terms of the Order;

(b) understands that unauthorized disclosures of the confidential documents or information identified in the Order constitutes a violation of the Order, which can result in sanctions against the undersigned for contempt of Court; and

(c) irrevocably consents to the exercise of personal jurisdiction by the Court over him/her in the captioned action.

_____
Signature

_____
Date

                                                   _____

                                                   _____
                                                   Printed Name, Job Title and Address