# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-257-MOC-DCK

| | |
|---|---|
| SOUTHERN CONCRETE PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE EUCLID CHEMICAL COMPANY and ) | |
| GIANT CEMENT COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Southern Concrete Products, Inc.'s Motion To Compel Responses To Certain Written Discovery Requests Propounded On Defendant Euclid Chemical Company And For Sanctions" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

## I. BACKGROUND

Southern Concrete Products, Inc. ("Plaintiff") initiated this action against The Euclid Company and Giant Cement Company ("Defendants") with the filing of its "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on March 22, 2012. Plaintiff asserts claims for breach of contract and warranty, indemnification, and declaratory judgment regarding venue. (Document No. 1-1). On April 25, 2012, Defendants' "Joint Notice Of Removal" (Document No. 1) was filed with this Court. The Court's "Pretrial Order And Case Management Plan" (Document No. 10) was issued on June 6, 2012; however, most of the dates therein have since been revised.

"Plaintiff Southern Concrete Products, Inc.'s Motion To Compel Responses To Certain Written Discovery Requests Propounded On Defendant Euclid Chemical Company And For Sanctions" (Document No. 24) was filed on January 8, 2013.  "Defendant Euclid Chemical Company's Response To Plaintiff's Motion To Compel" (Document No. 28) was filed January 25, 2013, and "Plaintiff's Reply To Euclid Chemical Company's Response To Motion To Compel" (Document No. 30) was filed January 31, 2013.

On February 8, 2013, "Plaintiff's Supplement To Reply To Motion To Compel" (Document No. 32) reported that "the parties have worked together to resolve many of the discovery issues in dispute between them" and specifically addressed the narrowed issues.  Also on February 8, 2013, the Court issued an "Order" (Document No. 33) which in most pertinent part instructed Defendants to file a sur-reply brief.  "Defendant The Euclid Chemical Company's Sur-Reply To Plaintiff's Reply . . . And Plaintiff's Supplement To Reply To Motion To Compel" (Document No. 41) was timely filed on February 20, 2013.  As such, the pending motion to compel is now ripe for disposition.

## II.  STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

This lawsuit arises from alleged defects at a construction project. (Document No. 1-1). Plaintiff was retained by Industrial Concrete Construction, Inc. ("ICC") on or about August 16, 2010, "to provide the mix design and to mix the concrete needed for" "the construction of a 672,000 square foot new manufacturing facility and warehouse in Shelby, North Carolina (the "Project")." (Document No. 1-1, p.2). Plaintiff "mixed, tested, and provided the concrete for the two pours of the slab that occurred at the Project between October 7 and 9, 2010." Id. In providing concrete, Plaintiff allegedly (1) used cement provided by Defendant Giant Cement Company ("Giant"), and (2) "obtained the admixture for the concrete mix used on the Project from Euclid." (Document No. 1-1, pp.2-3). On April 13, 2011, Plaintiff was notified for the first time that the concrete mix purchased from Plaintiff "for the Project may be defective." (Document No. 1-1, p.3). In 2011, claims were asserted by ICC and the Owner/Contractor of the Project against Plaintiff in federal court, state court, and/or arbitration, alleging the concrete mix was defective. (Document No. 1-1, p.4).

On March 22, 2012, Plaintiff filed the instant action against Defendants Giant and Euclid, under the theory that one or both Defendants were liable, "to the extent" they provided defective cement and/or admixture, or otherwise contributed to any defects or problems with the concrete at the Project. (Document No. 1-1, pp.5-6). On February 13, 2013, the claims against Giant were dismissed; therefore, the only remaining claims are against Defendant The Euclid Chemical Company ("Defendant" or "Euclid"). (Document No. 36). Also on February 13, 2013, the Court granted the parties "Joint Motion For Protective Order" (Document No. 34), which may have resolved some portion of the parties' current discovery dispute. (Document Nos. 35 and 40).

After review of the parties' briefs, it appears that the remaining information sought by Plaintiff's pending "…Motion To Compel…" (Document No. 24) relates to the following: Interrogatory Nos. 6 and 11; Euclid admixtures other than Plastol 341S and Eucon WR 91; and matching invoices to process orders and missing process orders. See (Document Nos. 32, 41). These remaining disputed issues will be discussed in turn below.

**A. Interrogatory Nos. 6 and 11**.

These interrogatories seek information about Defendant Euclid's affirmative defenses that Plaintiff modified or altered Euclid's admixture, and that Plaintiff's claims are barred by an applicable statute of limitations. (Document No. 32, p.1). In addition, in its reply brief and supplement to the reply, Plaintiff requests that the Court strike these affirmative defenses pursuant to Rule 12(f).

In its most recent response, Defendant re-states that it "had no involvement with the Project other than providing certain admixtures to Southern" and argues that to date it has not had "access to the factual information which is responsive to this Interrogatory." (Document No. 41, p.2). Defendant predicts that relevant information will be developed through additional

4

discovery, including depositions, and asserts that it will supplement its responses as appropriate. Id.

The undersigned notes that to the extent Plaintiff is attempting to make a motion to strike certain affirmative defenses pursuant to Rule 12(f) in its reply brief and/or supplement, such motion is prohibited. Local Rule 7.1(C)(2) provides that "[m]otions shall not be included in responsive briefs" and that "[e]ach motion shall be set forth as a separately filed pleading.

Based on the foregoing, the undersigned will deny without prejudice Plaintiff's motion to compel as to Interrogatory Nos. 6 and 11, and decline to consider a "motion" to strike under these circumstances.

**B. Other Euclid Products.**

The next issue in the pending motion to compel is whether Defendant must provide "[i]nformation and documents about Euclid's admixtures other than Plastol 341S and Eucon WR 91" as requested in Interrogatory Nos. 12, 13, and 14 and Document Request Nos. 10, 11, 12, and 13, "particularly regarding Euclid's other polycarboxylate admixtures and 'products of the same or similar chemical composition, product purpose, or product line.'" (Document No. 32, p.2). Plaintiff argues that information on the "processes, deficiencies, and failures of those other admixtures may shed light on processes, deficiencies, and failures, if any, that caused the high air content in the concrete used on the construction project." (Document No. 32, p.3).

Defendant asserts that Plaintiff's requests are "not limited in any way by the products at issue in this case, and are thus overly broad, unduly burdensome, and not reasonably calculated to [lead] to the discovery of admissible evidence." (Document No. 41, p.4). Defendant notes that such requests include documents and information from January 1, 2007 to present, regarding at least one hundred (100) different admixtures. Id. Defendant argues that Plaintiff's statement

5

that it seeks information "particularly regarding Euclid's other polycarboxylate admixtures and 'products of the same or similar chemical composition, product purpose, or product line'" is tacit acknowledgement of the overbreadth of its discovery requests. Id.

The undersigned will grant Plaintiff's motion to the extent it seeks the identification of lawsuits and arbitrations between January 1, 2007 and the present, in which a third party asserted a breach of contract and/or warranty claim, a defective product claim, or any other claim arising from an allegation of defective admixture(s) against Defendant Euclid. Defendant shall supplement its responses on or before **March 15, 2013**, by providing case captions, the court in which the matters were filed or the arbitration party administering the claim, and a description of the allegations giving rise to the claims, the current status, and the resolution, if any, of such matters. Plaintiff's motion is otherwise denied as to this issue.

**C. Matching Invoices to Process Orders and Missing Process Orders**.

Finally, Plaintiff identifies two issues remaining regarding the responses to its second discovery requests: (1) Plaintiff seeks to compel information that that will allow it "to match the invoices with the Process Orders that Euclid provided"; and (2) Plaintiff asserts that Defendant has "still failed to produce some Process Orders." (Document No. 32, p.3).

1. Matching Invoices To Process Orders

Plaintiff contends that the issue of matching invoices with Process Orders is important because it has alleged problems in the production of specific batches used on the Project and needs the Process Orders for admixture batches actually delivered to Plaintiff. Id. Plaintiff cites examples of inconsistencies between Process Orders showing a certain amount of admixture production that is different than the amount of admixture delivered to Plaintiff. (Document No. 32, p.4).

Defendant asserts that it has "no way to tie specific invoices of deliveries to Southern with specific Process Orders, other than by date of invoice and Process Order." (Document No. 41, p.7). Defendant further explains that it generally produces the specific admixtures at issue at or near the time of delivery. Id. The purported discrepancy in quantity of admixture between invoice and Process Order is attributable to the fact that the amount of admixture manufactured may be greater at times that that delivered, and the remainder of the Process Order remains in a holding tank. Id. Defendant concludes that it can provide no further information.

2. Missing Process Orders

Plaintiff has also alleged that Defendant has failed to produce some Process Orders, and identifies a couple of specific examples. (Document No. 32, p.4). Defendant's Sur-Reply addresses Plaintiff's examples and appears to provide an adequate explanation for why they were missing. (Document No. 41, p.8). Defendant now asserts that Plaintiff "is in possession of all known Process Orders responsive to its Requests" and that "there remains nothing to compel with respect to the Second Discovery Requests." Id.

Based on the foregoing, the undersigned is not convinced there is responsive information to be compelled regarding these two issues. As such, the Court will deny this request without prejudice; Defendant is directed to supplement its response as appropriate.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Southern Concrete Products, Inc.'s Motion To Compel Responses To Certain Written Discovery Requests Propounded On Defendant Euclid Chemical Company And For Sanctions" (Document No. 24) is **GRANTED in part**, **and DENIED in part** as more fully described herein.

**IT IS FURTHER ORDERED** that Plaintiff's Expert Report shall be provided within **ten (10) days** of this Order, and Defendant's Expert Report shall be provided within **ten (10) days** of service of Plaintiff's expert disclosure.  See (Document Nos. 26 and 38).

Signed: February 28, 2013

David C. Keesler
United States Magistrate Judge